IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 05-CR-295-02 |
| ANDRE COLEMAN | : | |

**SURRICK, J.**                                                                                    **NOVEMBER 2, 2006**

### MEMORANDUM & ORDER

Presently before the Court is Defendant's Motion In Limine To Preclude Defendant's Impeachment By Prior Convictions (Doc. No. 75) and the Government's Motion In Limine To Admit Evidence Under Federal Rule Of Evidence 609 (Doc. No. 76). For the following reasons, the Government's Motion will be granted in part and denied in part and Defendant's Motion will be granted in part and denied in part.

**I.     BACKGROUND**

This case arises out of a series of bank robberies that took place in the fall of 2004. As a result of those events, the Government filed a Second Superseding Indictment on July 27, 2006 (Doc. No. 81), charging Defendant Andre Coleman with the following crimes:

| | |
|---|---|
| Count 1 | Conspiracy to commit bank robbery in violation of 18 U.S.C. §§ 371 and 2113(a) |
| Count 2 | Bank Robbery - Wachovia Bank, 42 East Main Street, Norristown, PA on November 1, 2004, in violation of 18 U.S.C. §§ 2113(a) and 2 |
| Count 3 | Attempted Bank Robbery - PNC Bank, 1 West Main Street, Norristown, PA on November 19, 2004, in violation of 18 U.S.C. §§ 2113(a) and 2 |
| Count 4 | Attempted Bank Robbery - PNC Bank, 1770 Markley |

                Street, Norristown, PA on November 22, 2004, in
violation of 18 U.S.C. §§ 2113(a) and 2

    Count 5    Bank Robbery - Univest National Bank, 40 East
Street Road, Feasterville, PA on November 22, 2004,
in violation of 18 U.S.C. § 2113(a)

    Count 6    Using or Carrying a Firearm During or in Relation to
a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1) and 2

    Count 7    Convicted Felon in Possession of a Firearm on
November 22, 2004, in violation of 18 U.S.C. §§ 922(g)(1) and
924(e).

The government has moved in limine to admit evidence of Defendant's prior convictions for purposes of impeachment under Federal Rule of Evidence 609. The Defendant has moved to exclude this evidence. The prior convictions that the government seeks to use are as follows:

    1.    Court of Common Pleas of Philadelphia County, No. CP9012/853-858 (Dec. Term 1990) - Plea on February 13, 1990 - possession with intent to deliver a controlled substance and criminal conspiracy. Sentence imposed on June 12, 1991 - incarceration of not less than three (3) years nor more than six (6) years for possession with intent to deliver plus not less than eleven and a half (11 1/2) nor more than twenty-three (23) months consecutive for criminal conspiracy.

    2.    Court of Common Pleas of Philadelphia County, No. CP9010/5162-5167 (October 1990) - Plea on May 23, 1994 - robbery, criminal conspiracy, and possession of instruments of crime. Sentence imposed on June 4, 1991 - incarceration of not less than six (6) years nor more than fifteen (15) years for robbery and not less than five (5) nor more than ten (10) years for criminal conspiracy to run concurrently.

    3.    Court of Common Pleas of Philadelphia County, No. CP9003/648-661 (March Term 1990) - Plea on May 23, 1991 - robbery, criminal conspiracy, possession of instruments of crime. Sentence imposed on June 4, 1991 - incarceration of not less than six (6) years nor more than fifteen (15) years for robbery and not less than five (5) years nor more than ten (10) for conspiracy to run concurrently.

    4.       Court of Common Pleas of Philadelphia County, No. 9012/1479-1485 (Dec. Term 1990) - Plea on May 23, 1991 - robbery, criminal conspiracy and possession of instruments of crime.  Sentence imposed on June 4, 1991 - incarceration of not less than six (6) years nor more than fifteen (15) years for robbery and not less than five (5) nor more than ten (10) years for criminal conspiracy to run concurrently.

    5.       Court of Common Pleas of Philadelphia County, No. CP9105-2929 - Plea on July 18, 1991 - possession with intent to deliver controlled substances.  Sentence imposed - incarceration of not less than six (6) months nor more than twenty-three (23) months, plus one year consecutive probation.

Defendant was ultimately released from prison on these convictions on November 7, 2001.

## II.    DISCUSSION

Federal Rule of Evidence 609 provides in pertinent part as follows:

(a) General rule.  For the purpose of attacking the credibility of a witness,

> (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and
>
> (2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.

(b) Time limit.  Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. . . .

Fed. R. Evid. 609(a) and (b).

Initially we note that the Government concedes that in the Third Circuit, robbery is not a

crime that involves dishonesty or false statements. (Doc. No. 76 at 4 n.2; *see also Walker v. Horn*, 385 F.3d 321, 334 (3d Cir. 2004) ("[W]e readily conclude that, although robbery is certainly a very serious crime, it does not involve communicative or expressive dishonesty. Therefore, the district court erred by holding that robbery is a crime involving dishonesty that is automatically admissible under Rule 609(a)(2).")). The Government also concedes that Defendant's drug conviction under No. CP9105-2929 cannot be used based upon the time limit imposed by Rule 609(b). (Doc. No. 76 at 4 n.1.) The Government argues, nevertheless, that Defendant's three robbery convictions and his drug conviction of February 13, 1990 are admissible to impeach credibility under Rule 609(a)(1). (*Id.* at 4.)

In determining whether a prior conviction is admissible under Rule 609(a)(1), we consider the following factors: "(1) the kind of crime involved; (2) when the conviction occurred; (3) the importance of the witness's testimony to the case; (4) the importance of the credibility of the defendant." *Gov't of Virgin Islands v. Bedford,* 671 F.2d 758, 761 n.4 (3d Cir. 1982). Defendant's three robbery convictions are of the exact same nature as the crimes with which Defendant is charged here. Because the convictions involve the same type of conduct as the present charges, "the risk that a jury may assume guilt in the instant offense based upon past convictions is enhanced." *United States v. Maisonneuve,* 954 F. Supp. 114, 117 (D. Vt. 1997). Indeed, "where . . . the prior conviction is sufficiently similar to the crime charged, there is a substantial risk that all exculpatory evidence will be overwhelmed by a jury's fixation on the human tendency to draw a conclusion which is impermissible in law: because he did it before, he must have done it again." *United States v. Bagley,* 772 F.2d 482, 488 (9th Cir. 1985). Clearly, the danger of unfair prejudice with these convictions is substantial. *See United States v.*

*Sanders,* 964 F.2d 295, 298 (4th Cir. 1992) (defendant's prior convictions involving the exact type of conduct for which defendant was on trial are inadmissible under Rule 609(a)(1) "because of the high likelihood of prejudice that accompanies the admission of such similar prior convictions").  Moreover, the importance of Defendant's testimony given the facts of the case and the witnesses who will testify for the Government is apparent.  Accordingly, we will grant Defendant's Motion as to his robbery convictions.

With regard to the admissibility of Defendant's prior drug conviction under Rule 609(a)(1), courts have recognized that a prior drug conviction may reflect on the credibility of a defendant.  *See United States v. Ortiz,* 553 F.2d 782, 784 (2d Cir. 1977) ("[T]he District Judge in his discretion was entitled to recognize that a narcotics trafficker lives a life of secrecy and dissembling in the course of that activity, being prepared to say whatever is required by the demands of the moment, whether the truth or a lie.  From this he could rationally conclude that such activity in a witness' past is probative on the issue of credibility."); *United States v. Cordoba,* 104 F.3d 225, 229 (9th Cir. 1996) ("Prior convictions for drug offenses are probative of veracity."); *United States v. Borrome,* No.Crim. 97-00224-01, 1997 WL 786436, at *3 (E.D. Pa. Dec. 3, 1997) (prior drug conviction admissible under Rule 609(a)(1)).  Accordingly, the Third Circuit has held that such convictions are admissible for impeachment purposes where the probative value is not outweighed by the prejudicial impact of the conviction.  *See United States v. Murphy*, 172 F. App'x 461, 462-63 (3d Cir. 2006); *United States v. Sampson*, 980 F.2d 883, 887 (3d Cir. 1992).  In the instant case, Defendant has two prior convictions for possession with intent to distribute narcotics, one of which the government concedes is not admissible.  Although the remaining drug convictions occurred many years ago, Defendant was incarcerated from 1991

until 2001 and was therefore incapable of committing any crimes during that period of time. Moreover, because Defendant's prior drug convictions differ from the crimes at issue in this case, it is unlikely that the jury would draw the impermissible conclusion that "because he did it before, he must have done it again." *Bagley*, 772 F.2d at 488.  Finally, Defendant's credibility will undoubtedly be an important consideration for the jury.  We conclude that the probative value of Defendant's prior drug convictions is not outweighed by the danger of unfair prejudice. Accordingly, we will grant the Government's Motion as to the drug conviction.

      An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 05-CR-295-02 |
| ANDRE COLEMAN | : | |

## **ORDER**

AND NOW, this 2nd day of November, 2006, upon consideration of Defendant's Motion In Limine To Preclude Defendant's Impeachment By Prior Convictions, and the Government's Motion In Limine to Admit Evidence Under Federal Rule of Evidence 609, it is ORDERED that the Defendant's Motion is GRANTED in part and DENIED in part and the Government's Motion is GRANTED in part and DENIED in part, consistent with the attached Memorandum.

IT IS SO ORDERED.

BY THE COURT:


/s/ R. Barclay Surrick
U.S. District Court Judge